DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>(Small Business Administration)<br><br>      Plaintiff,<br><br>  v.<br><br>BOJO H. WELLS,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2024-0034<br>)<br>)<br>)<br>)<br>) |

**Attorney:**

**Angela P. Tyson-Floyd, Esq.**
St. Croix, U.S.V.I.
 *For Plaintiff United States of America (Small Business Administration)*

## MEMORANDUM OPINION

**Lewis, Senior District Judge**

THIS MATTER comes before the Court on Plaintiff United States of America's ("Small Business Administration") ("United States") "Motion for Default Judgment" (Dkt. No. 16) against Defendant Bojo H. Wells ("Wells"). For the reasons discussed below, the Court will grant the United States' Motion for Default Judgment.

### I. BACKGROUND

On November 21, 2024, the United States filed a Complaint for debt and foreclosure against Wells. (Dkt. No. 1). The United States alleges that, on or about January 27, 2018, Wells executed and delivered to the United States a Promissory Note (the "Note") in which he promised to pay the principal sum of $110,100.00, plus interest at the rate of 1.75% per annum, in monthly installments beginning on January 27, 2019. *Id.* at ¶ 2. Based on total disbursements to Wells, the

principal was reduced to $50,000. *Id.* at n.1. As security for payment on the Note, Wells executed and delivered to the United States a Mortgage encumbering the property described as:

> Plot No. 4E of [T]he Whim Estates, consisting of 0.574 U.S. acre, more or less, West End Quarter as shown on Public Works Department Drawing No. 4218 dated May 25, 1984. More commonly known as 4-E Whim, Frederiksted, VI 00840.

("the Property") *Id.* at ¶ 6. The Complaint alleges that the Mortgage was recorded in the Office of the Recorder of Deeds on St. Croix on February 14, 2018. *Id.*

The Complaint further alleges that Wells is in default pursuant to the terms of the Note and the Mortgage because he failed to pay the monthly installment due on March 27, 2020 and all subsequent installments. *Id.* at ¶ 7. Consequently, and pursuant to the terms of the loan documents, the United States declared the entire amount of the indebtedness immediately due and payable and demanded payment. *Id.* at ¶ 8.

The United States seeks, *inter alia*, judgment in its favor and against Wells: declaring that Wells defaulted under the terms of the Note and Mortgage, thereby entitling the United States to exercise all remedies provided by those documents; awarding the principal balance due on the Note plus interest, recaptured interest credits, and costs; declaring that the United States' Mortgage forecloses the interests of all other lienholders subject only to statutory redemption rights; and ordering that the Property be sold with any proceeds to be applied to the sums due to the United States. *Id.* at 4-5.

On June 13, 2025, the United States filed the instant Motion for Default Judgment against Wells. (Dkt. No. 16). In its Memorandum in Support of its Motion, the United States asserts that default judgment is appropriate against Wells because: (1) Wells signed the Note and Mortgage which is evidence of his debt owed to the United States and that he pledged the Property as security for the debt; (2) Wells defaulted under the terms of the Note and the Mortgage; and (3) the United

2

States has declared the indebtedness immediately due and payable pursuant to the terms of the Note and the Mortgage. (Dkt. No. 17 at 4).

The United States also avers that the procedural elements for default judgment against Wells have been satisfied because Wells was served with a copy of the Summons and Complaint; Wells failed to appear in the instant matter; and Wells is not a minor or an incompetent person, nor in active duty in any branch of the military service. *Id.* at 3. In addition, the United States asserts that default judgment is appropriate in this matter based on the three factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[1] *Id.* at 3.

Along with the Motion for Default Judgment, the United States included a "Certificate of Indebtedness," "Certified Statement of Account," and "Transcript of Account," signed by Vikki Matamoros ("Matamoros"), Lead Accountant at the Small Business Administration.[2] In the Certificate of Indebtedness, Matamoros attests that the Statement of Account and Transcript of Account, which list the amounts owed by Wells, are true and correct to the best of her personal knowledge. (Dkt. No. 17-7 at 3). Based on the information provided, the indebtedness to the United States as of March 22, 2024 includes a principal balance of $50,776.49 and accrued interest through March 22, 2024 of $3,552.45, for a total indebtedness of $54,328.94. *Id*. at 4*.* In addition, Matamoros asserts that $2.43 in per diem interest continues to accrue on the principal balance. *Id.*

---

[1] The three *Chamberlain* factors that bear on whether a default judgment should be entered are: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain*, 210 F.3d at 164).

[2] Matamoros' full title is the Lead Accountant, Loan Accounting Branch, Program Accounting Division, Office of Performance and Planning, and the Chief Financial Officer of the Small Business Administration. (Dkt. No. 17-7 at 3).

Counsel for the United States, Angela P. Tyson-Floyd, Esq., also provided a Declaration of Counsel in support of the United States' Motion for Default Judgment. (Dkt. No. 17-4). Attorney Tyson-Floyd attests that Wells is not an infant or an incompetent person and not a member of the military as verified through the Department of Defense Manpower Data Center's database. *Id*.

To date, Wells has not responded to the United States' Motion for Default Judgment.

## II.  APPLICABLE LEGAL PRINCIPLES

When considering a motion for default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor is the extent or amount of damages claimed by a party. *See Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014); *Service Employees Int'l Union Local 32BJ v. ShamrockClean, Inc.*, 325 F. Supp. 3d 631, 635 (E.D. Pa. 2018); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Pieczenik v. Comm'r New Jersey Dept. of Envir. Protection*, 715 F. App'x 205, 208-09 (3d Cir. 2017); *Catanzaro v. Fischer*, 570 F. App'x 162, 165 (3d Cir. 2014).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of [the] judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemember's] Civil Relief Act.

*Bank of Nova Scotia v. Tutein*, Civil Action No. 2017-0016, 2019 WL 2656128, at *3 (D.V.I. June 27, 2019); *see also* Fed. R. Civ. P. 55(b); *Ditech Financial LLC v. Felice*, Civil Action No. 2016-94, 2018 WL 1771558, at *2 (D.V.I. Apr. 12, 2018). Additionally, the Court must assess the three

4

*Chamberlain* factors when determining whether a default judgment is appropriate. *J&J Sports Productions, Inc. v. Ramsey*, 757 F. App'x 93, 95 n.1 (3d Cir. 2018) (citing *Chamberlain,* 210 F.3d at 164).

### III. DISCUSSION

To succeed in a debt and foreclosure action, the plaintiff must prove three elements: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *See Brouillard v. DLJ Mortg. Capital, Inc.*, 63 V.I. 788, 793 (2015); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. Dec. 6, 2009) ("To establish a prima facie case for recovery under a promissory note, the holder must demonstrate execution of the note and a default in payment pursuant to its terms."); *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013); 55 AM. JUR. 2D Mortgages § 604 (2019) (foreclosure requires a valid mortgage, default on part of mortgagor, and foreclosure in compliance with terms of contract).

The United States has satisfied all of the requirements necessary to obtain a default judgment against Wells, as confirmed by the factual allegations of the Complaint and the Motion for Default Judgment, together with the accompanying documents. The United States has shown that: (1) Wells executed and delivered to the United States a Note and Mortgage on or about January 27, 2018 (Dkt. Nos. 17-2, 17-3); (2) Wells is in default under the terms of the Note and Mortgage (Dkt. No. 17-6); and (3) the United States has possession of the Note and is the holder of the Mortgage, which provides that the United States is entitled to foreclose its lien on the Property (Dkt. No. 17-3 at ¶ 3). Accepting the factual allegations as true, in light of the accompanying documentation confirming the terms of the Note and Mortgage, the Court finds that the United States has established the merits of its claim for purposes of default judgment.

In addition to establishing the elements of its claim, the United States has satisfied all of the procedural requirements necessary to obtain a default judgment against Wells. The United States has properly shown that: (1) Wells was served with a copy of the Summons and Complaint; (2) Wells failed to appear in this action; (3) default was entered against Wells by the Clerk of Court (Dkt. No. 15); (4) Wells is neither a minor or an incompetent person (Dkt. No. 11 at 6). Further, the United States has provided copies of Military Status Reports from the Department of Defense Manpower Data Center establishing that Wells is not in the military service as defined in the Servicemember's Civil Relief Act, 50 U.S.C. § 3931 [formerly 50 App. U.S.C. § 526(a)] (Dkt. No. 10-3).

The United States has also shown with specificity how it calculated the amount due on the account by providing the Certificate of Indebtedness, Certified Statement of Account, and Transcript of Account. (Dkt. No 17-7). The Court finds that the following amounts are due: principal balance of $50,776.49; accrued interest through March 22, 2024 of $3,552.45; accrued interest from March 23, 2024 through the date of entry of Judgment of $1,686.42[3], for a total indebtedness of $56,015.36.

Finally, the United States has argued, and the Court has considered, the *Chamberlain* factors and finds that the prejudice to the United States resulting from Wells' breach of his contractual obligations together with the apparent absence of a litigable defense weigh in favor of the Court granting default judgment. In addition, Wells' culpable conduct is evidenced by his refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 Fed. Appx. 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to

---

[3] Plaintiff has established that interest accrues on the indebtedness at the per diem rate of $2.43 from March 23, 2024 up to and including the date of entry of Judgment. Accrued interest is therefore calculated as: $2.43 per diem rate *x* 694 days = $1,686.42.

complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.,* Civil Action No. 2011-0059, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Accordingly, the Court finds that default judgment against Wells is appropriate.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant the United States' Motion for Default Judgment (Dkt. No. 16) against Defendant Bojo H. Wells. Accordingly, the Court will award the United States Judgment against Wells in the amount of $56,015.36 consisting of: the principal balance of $50,776.49; accrued interest through March 22, 2024 of $3,552.45; and accrued interest from March 23, 2024 through the date of entry of Judgment of $1,686.42. The total indebtedness of $56,015.36 shall accrue interest at the federal statutory rate until the Judgment is satisfied. 28 U.S.C. § 1961(a).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date:  February 14, 2026                              /s/
                                                      WILMA A. LEWIS
                                                      Senior District Judge